IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TONY MICHAEL PASSANANTE,
# 34440-044,

**Petitioner,**

vs.

GREENVILLE FEDERAL
CORRECTIONAL INSTITUTION,

**Respondent.**                                   Case No. 13-cv-305-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Tony Michael Passanante, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Petitioner pled guilty to conspiracy to distribute cocaine base, and was sentenced on February 25, 2008, to 120 months in prison (Doc. 1-2, pp. 25-30).

*See also United States v. Passanante*, Case No. 07-cr-521-RWS (E.D. Mo.). His petition indicates that he has a projected release date of June 20, 2016 (Doc. 1, p. 11; Doc. 1-1, p. 12). However, he implies that he may be eligible for an earlier release date if he gets credit for participation in a drug program (Doc. 1, p. 11). He asserts that the prison has not properly considered his eligibility for transfer to a halfway house (also known as a Residential Reentry Center or "RRC") by giving him an individualized assessment of his eligibility for transfer, under 18 U.S.C. § 3621(b) and §3624(c) (Doc. 1, pp. 2, 6, 10-11). As relief, he seeks an order requiring respondent to immediately transfer him to the St. Louis Dismas House RRC (Doc. 1, p. 8).

Petitioner's case manager denied his transfer request on September 5, 2012, because he had "too much time remaining on [his] sentence" (Doc. 1, p. 11.). After petitioner appealed this decision, the warden denied the request on September 27, 2012, for the reason that petitioner asked for more than 12 months in the RRC, when he is only eligible for a maximum of 12 months pursuant to the Second Chance Act of 2007 (Doc. 1-1, p. 12). Petitioner argues that under § 3621(b), inmates are legally eligible for transfer to a RRC at any time, thus the blanket denial of his request is contrary to the statutory requirement for an individualized assessment[1] of his application (Doc. 1, pp. 10-11). Petitioner

---

[1] The five statutory factors to be considered in making an RRC placement are: the resources of the facility contemplated; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and any pertinent policy statement issued

has pursued his administrative appeals, and notes that he has not yet received a response to his re-filed BP-11 (Doc. 1, p. 10; Doc. 1-1, pp. 1-5). He re-filed that appeal in January 2013, after which the Central Office of the Bureau of Prisons ("BOP") notified him that their response would be delayed until March 15, 2013 (Doc. 1-1, p. 15). After that date passed, petitioner filed the instant action on March 25, 2013.

Petitioner has not named the proper respondent in this habeas action. "Greenville Federal Correctional Institution" is not an entity that is subject to the Court's jurisdiction. In a habeas corpus proceeding, the proper respondent is the prisoner's custodian; in other words, the warden of the prison where the inmate is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948-49 (7th Cir. 2006). Therefore, the instant petition shall be dismissed, and petitioner must submit an amended petition which names the proper respondent if he wishes to proceed with this case.

Accordingly, petitioner is **ORDERED** to submit an amended petition **on or before May 6, 2013**. The amended document shall be designated "First Amended Petition" and shall supersede and replace the original petition and exhibits (Doc. 1). *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original petition. Thus, the First Amended Petition must stand on its own,

---

by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. § 3621(b).

without reference to any other pleading. In addition, petitioner must resubmit any exhibits and attachments that he wishes the Court to consider along with his amended petition, which shall include any response petitioner may have received to his BP-11. Failure to file an amended petition shall result in the dismissal of this action without prejudice.

In order to assist petitioner in preparing his amended petition, the Clerk is **DIRECTED** to mail Plaintiff a blank form petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with instructions.

The instant petition (Doc. 1) is **DISMISSED.**

**IT IS SO ORDERED.**

Signed this 15th day of April, 3013.

Digitally signed by David R. Herndon
Date: 2013.04.15 14:31:22 -05'00'

**Chief Judge**
**United States District Court**